IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EASTERN ATLANTIC STATES REGIONAL COUNCIL OF CARPENTERS**<br><br>v.<br><br>**P. SANTOS CO., INC.** | **CIVIL ACTION**<br><br>**NO. 22-613** |

**MEMORANDUM RE: PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT**

**Baylson, J.**                                                                                                                **May 17, 2022**

### I.   Introduction

Petitioner Eastern Atlantic States Regional Council of Carpenters ("the Union") has filed a Petition (ECF 1) and Motion (ECF 2) to confirm an arbitration award granted in a dispute with Respondent P. Santos Co., Inc.  Respondent has filed a Response and Cross-Petition to Vacate the Award (ECF 9), and Petitioner has filed a Reply (ECF 12).  Petitioner is a labor union, and Respondent is a corporation.

### II.  Background

This case arises from P. Santos's violations of a collective bargaining agreement (CBA) signed with the Union, which led to a settlement in 2013 in which P. Santos agreed to abide by the terms of the CBA.  P. Santos continued to violate the CBA, however, leading to the arbitration presently at issue.  (Arb. Op. 4.)

Arbitrator Louis P. Verrone held two hearings at which the parties presented evidence and arguments.  (<u>Id.</u> at 3.)  On January 28, 2022, the Arbitrator issued an Opinion and Award (ECF 1, Ex. A), reviewing and analyzing the evidence.  Concluding that P. Santos had failed to provide agreed-upon wages and benefits, as well as failed to request the appointment of a shop steward,

1

the Arbitrator sustained the Union's grievances. (Arb. Op. 37–38.) The Arbitrator ordered that P. Santos remit $289,059.75 to the Union and $121,890 to the Carpenters Benefit Funds of Philadelphia and Vicinity. (Id. at 44.)

As the factual details of this case are thoroughly examined in the Arbitrator's Opinion, the Court will discuss only its legal duties with respect to the arbitration award.

### III. Legal Standard

"[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Teamsters Loc. 177 v. United Parcel Serv., 966 F.3d 245, 248 (3d Cir. 2020) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "Under the terms of [9 U.S.C.] § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in [9 U.S.C.] §§ 10 and 11. Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008); see also Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 251 (3d Cir. 2013) ("It is rare for us to disturb an arbitration award.").

### IV. Respondent's Contentions

Describing the arbitration in this case as "an abomination," Respondent argues that the Court should vacate the arbitration award because it was a product of undue means, see 9 U.S.C. § 10(a)(1); there was evident partiality in the Arbitrator, see 9 U.S.C. § 10(a)(2); there was procedural misconduct by the Arbitrator in managing discovery, setting hearing dates, and admitting certain expert testimony, see 9 U.S.C. § 10(a)(3); and the Arbitrator imperfectly exercised his powers in managing discovery and the exchange of exhibits, see 9 U.S.C. § 10(a)(4). (Resp't's Resp. 1–2.)

Respondent makes several specific assertions in support of its position. With regard to the first hearing before the Arbitrator, Respondent avers that the Arbitrator denied Respondent's request for a pre-hearing conference, denied Respondent's request to exchange exhibits with Petitioner prior to the hearing, and denied Respondent's request at the hearing for an adjournment so that Respondent could interview potential witnesses identified in Petitioner's exhibits. (Resp't's Resp. Br. 5–6.) This final contention is directly addressed in the Arbitrator's Opinion, which explains that "as the hearing had already been postponed twice before . . . at the Company's last minute urgings, the arbitrator chose to exercise any discretion he may have had on this issue under AAA's Labor Rules, in favor of expediting the resolution of the dispute." (Arb. Op. 37.)

Respondent further states that certain potential witnesses who were identified "[o]n the eve of the second hearing" were not made available to testify, despite Respondent's request that information regarding these witnesses be presented at least two weeks before the hearing. Respondent also objects to "triple hearsay" evidence being introduced at the second hearing. (Resp't's Resp. Br. 6.)

V.   Discussion

The Court is unpersuaded that Respondent's broad criticisms of the arbitration are sufficient to overcome the "strong presumption under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., in favor of enforcing arbitration awards." Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237, 241 (3d Cir. 2005); see also Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 219 (3d Cir. 2012) ("[M]indful of the strong federal policy in favor of commercial arbitration, we begin with the presumption that the award is enforceable."). Respondent's broad assertions are not corroborated or supported by any specific facts and provide no basis for the Court to find that the arbitration award was procured by undue means, that the Arbitrator acted with evident

partiality, that the Arbitrator engaged in procedural misconduct, or that that the Arbitrator "so imperfectly executed [his powers] that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).

Respondent may disagree with the Arbitrator's decisions related to evidentiary issues, but that is not an adequate basis for vacating the award.  "[A]rbitrators are not bound by the rules of evidence," and "by agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'"  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31 (1991) (citation omitted).

Accordingly, the Court will confirm the arbitration award and enter judgment in favor of Petitioner and against Respondent.

## VI. Conclusion

For the foregoing reasons, the Court will grant Petitioner's Motion.  An appropriate Order follows.

O:\CIVIL 22\22-613 Eastern Atlantic Sales Regional Council of Carpenters v. P. Santos Co., Inc\22cv613 Memorandum re Arbitration Award.docx